FILED

2006 Jan-24  AM 09:39
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | | |
|---|---|---|
| DANIEL WADE MOORE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No. CV-05-S-1667-NE |
| | ) | |
| CITY OF DECATUR, | ) | |
| ALABAMA, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

This action is before the court on the following motions: (1) the motion to dismiss filed by defendant City of Decatur, Alabama;[1] (2) the motion to dismiss of defendant Michael Pettey;[2] (3) the motion to dismiss of defendants William Dill and Donald G. Valeska;[3] (4) the motion to stay discovery filed by defendants William Dill and Donald G. Valeska;[4] (5) plaintiff's motion to stay all proceedings;[5] (6) the motion to stay all proceedings filed by defendants City of Decatur and Michael Pettey;[6] (7) plaintiff's motion for leave to file an amended complaint;[7] and (8) the motion to

---

[1]Doc. no. 3.

[2]Doc. no. 5.

[3]Doc. no. 7.

[4]Doc. no. 9.

[5]Doc. no. 16.

[6]Doc. no. 20.

[7]Doc. no. 26.

dismiss plaintiff's claims without prejudice filed by defendants City of Decatur and Michael Pettey.[8]

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff, Daniel Wade Moore, was convicted of capital murder in the Circuit Court for Morgan County, Alabama, in November of 2002, and was sentenced to death by lethal injection.[9]  Moore moved for a new trial, "alleging that he had been denied access to certain information and documents which were the result of actions taken by agents of the Federal Bureau of Investigation [("FBI")] in an effort to assist the Decatur Police Department in the investigation of the murder of Karen Croft Tipton."[10] The circuit court granted the motion for a new trial and set Moore's conviction aside.[11]

Moore subsequently moved the circuit court to dismiss, with prejudice, the two indictments pending against him.  He argued that the prosecutors and lead police investigator assigned to his case concealed potentially exculpatory evidence found in the FBI's investigatory file.  On those grounds, the circuit court dismissed the pending indictments on February 4, 2005, and ordered Moore's immediate release from the

---

[8]Doc. no. 27.

[9]*See* Exhibit 1 to plaintiff's proposed amended complaint (appended to doc. no. 26) (Order by the Honorable Glenn E. Thompson, Circuit Judge for Morgan County, Alabama, in Case Nos. CC02-646 and CC00-1260), at 1.

[10]*Id.*

[11]*Id.*

2

Morgan County Jail, where he had been incarcerated.[12]

The State of Alabama appealed the dismissal of the indictments to the Alabama Court of Criminal Appeals on February 7, 2005.[13]  The following day, on February 8, 2005, the Court of Criminal Appeals granted the state's motion to stay the trial court's order requiring Moore's immediate release from custody, and directed that Moore be returned to custody.[14]  The Court of Criminal Appeals denied Moore's two requests for bail on February 10, and November 28, 2005, respectively.[15]  From the record, it appears that Moore still is incarcerated, and his appeal still is pending in the Alabama Court of Criminal Appeals.

Moore filed a civil lawsuit in the Circuit Court for Morgan County, Alabama, on July 8, 2005.[16]  He named as defendants: (1) the City of Decatur, Alabama; (2) Michael Pettey, an investigator with the City of Decatur Police Department who was assigned to lead the investigation into the death of Karen Croft Tipton; (3) Donald G. Valeska, an employee of the State of Alabama Attorney General's office, and one of the prosecutors assigned to the criminal case against Moore; and, (4) William Dill, also

---

[12]*See generally id.*

[13]*See* doc. no. 27 (defendants' response to plaintiff's motion for leave to amend complaint, and motion to dismiss without prejudice), at Exhibit A (Notice of Appeal).

[14]*Id.* at Exhibits B and C.

[15]*Id.* at Exhibit D; doc. no. 35 (defendants' supplemental submission in support of motion to dismiss and in opposition to plaintiff's motion for leave to amend his complaint), at Exhibits E and F.

[16]*See* Complaint, appended to doc. no. 1 (Notice of Removal).

3

an employee of the State of Alabama Attorney General's office, and also one of the prosecutors assigned to the criminal case.  Moore alleged that Pettey and other City of Decatur police officers "negligently[, willfully, and wantonly] failed to preserve all evidence that was gained and collected in their investigation . . . ."[17]  He also alleged that Valeska and Dill "negligently[, willfully, and wantonly] failed to discover and deliver to the plaintiff all of the investigative materials that were collected by the defendant municipality and the police officers."[18]   As a result of these alleged violations, Moore stated he "was denied his constitutional rights to due process of law and a fair and speedy trial and was also imprisoned without bail . . . ."[19]  He further asserted that defendants fraudulently withheld exculpatory evidence and intentionally misrepresented that they had turned over all relevant evidence to his counsel.[20]  Finally, Moore alleged that defendants' actions violated his rights under 42 U.S.C. § 1983, and constituted the state law tort of outrage.[21]  He demanded compensatory and punitive damages from defendants on all counts.

Defendants jointly removed the action to this court on August 5, 2005, asserting

---

[17]*Id.* at Counts I and II.

[18]*Id.*

[19]*Id.*

[20]*Id.* at Count III.

[21]*Id.* at Counts IV and V.

federal question jurisdiction based on plaintiff's Section 1983 claim.[22]  On that same date, defendants City of Decatur and Michael Pettey moved to dismiss Moore's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim upon which relief can be granted.[23]  The City of Decatur's motion was based on multiple grounds, including failure to allege a policy or custom of the municipality,[24] discretionary function immunity, inability to claim money damages under the Alabama Constitution of 1901, and statutory limitations on liability.  Pettey also asserted multiple grounds to support his motion, including qualified immunity under federal law, discretionary function immunity under state law, and inability to claim money damages under the Alabama Constitution of 1901.  Defendants Valeska and Dill also moved to dismiss Moore's complaint, claiming the protection of prosecutorial immunity.[25]  The prosecutors moved to stay all discovery pending a ruling on the immunity issue.[26]

Subsequently, on August 22, 2005, Moore moved to stay all proceedings in this case pending final resolution of his criminal case.[27]  In support of his motion, Moore

---

[22]Doc. no. 1 (Notice of Removal).

[23]Doc. nos. 3 and 5.

[24]*See Monell v. Department of Social Services,* 436 U.S. 658, 691-92 (1978).

[25]Doc. no. 7.

[26]Doc. no. 9.

[27]Doc. no. 16.

stated:

> Regardless of the ruling from the Alabama Court of Criminal Appeals, it is possible for either party to petition the Supreme Court of Alabama for Writ of Certiorari.   In the event the appellate process requires Daniel Wade Moore to be tried again then it is likely that months or perhaps years may expire to stay all proceedings in this case until the criminal case . . . has been fully adjudicated . . . .[28]

Defendants Pettey and City of Decatur joined in Moore's motion on August 24, 2005, asserting that all claims should be stayed pursuant to *Younger v. Harris,* 401 U.S. 37 (1971).[29]

In September of 2005, Moore retained additional counsel,[30] and conceded that defendants Valeska and Dill are due to be dismissed because of prosecutorial immunity.[31]  He also stated that, "[b]ecause the dismissal with prejudice of the capital murder charges against plaintiff is on appeal, it appears that plaintiff's claims arguably have not accrued and should be stayed until appeals have been resolved."[32]  Finally, Moore acknowledged his original complaint was "deficient," and he sought the court's

---

[28]*Id.* at unnumbered pages 1-2.

[29]Doc. no. 20.  Defendants argued that *Younger* abstention applied because:  (1) Moore's criminal case is an ongoing state judicial proceeding; (2) the criminal proceedings implicate important state interests; and (3) Moore had an opportunity to raise constitutional challenges in the state proceedings, and did in fact raise such challenges.  *See 31 Foster Children v. Bush,* 329 F.3d 1255, 1274 (11th Cir. 2003).

[30]*See* doc. no. 24 (Notice of Appearance by Henry F. Sherrod, III).

[31]Doc. no. 25, at ¶ 2.

[32]*Id.* at ¶ 1.

6

permission to file an amended complaint.[33]  Defendants Pettey and City of Decatur objected to the motion for leave to amend and moved for dismissal of Moore's claims without prejudice, on the grounds that the claims have not yet accrued.[34]

## II. DISCUSSION

The parties agree on all of the following propositions of law: *i.e.,* plaintiff's original complaint was deficient; defendants Valeska and Dill must be dismissed due to prosecutorial immunity; and, because plaintiff's criminal case still is pending, his Section 1983 claims have not yet accrued.  The only significant point of disagreement is whether, as a result of their prematurity, plaintiff's Section 1983 claims against defendants Pettey and the City of Decatur should be stayed or, instead, dismissed without prejudice.

Defendants rely on  the Eleventh Circuit's decision in *Kelly v. Serna,* 87 F.3d 1235 (11th Cir. 1996), to argue for dismissal of the claims without prejudice.  In that case, Kelly*,* an attorney representing two individuals charged with drug offenses, became implicated in his clients' alleged crimes.  *Id.* at 1237-38.  Kelly was convicted in the trial court, but the Eleventh Circuit later reversed the conviction due to insufficient evidence, improper exclusion of testimony, and improper failure of the trial judge to recuse himself.  *Id.* at 1238.  Kelly filed a civil action for damages against the

---

[33]*Id.* at ¶ 3; doc. no. 26 (Motion for Leave to Amend Complaint).

[34]Doc. no. 27.

United States of America and several agents of the U.S. Drug Enforcement Administration ("DEA") pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics,* 403 U.S. 388 (1971), alleging that his Fourth, Fifth, and Ninth Amendment rights had been violated, that his arrest and prosecution were illegal, and that his conviction was invalid.  *Kelly,* 87 F.3d at 1238.

The case was dismissed by the district court due to expiration of the applicable statute of limitations, and an issue arose on appeal regarding the date on which Kelly's claims had accrued.  The Eleventh Circuit held that,

> in *Bivens* actions which challenge the validity of a conviction, the cause of action accrues when the underlying conviction is reversed.[35]
>
> Since Kelly alleges that the investigation of him violated his constitutional rights under the Fourth, Fifth and Ninth Amendments, and that his arrest and prosecution were illegal and his conviction invalid, his *Bivens* claims challenge the validity of his conviction and fall under the rule of *Heck* [*v. Humphrey,* 512 U.S. 477 (1994)].  They accrued upon "reversal" of his conviction.

*Id.* at 1239.

The *Kelly* decision did not specifically state whether claims which have not accrued should be stayed, or dismissed without prejudice.  That issue *was* addressed, however, in the United States Supreme Court's decision in *Heck v. Humphrey,* 512 U.S. 477 (1994).  There, an individual named Roy Heck was convicted in an Indiana

---

[35]The court clarified that the same principles would apply to a claim for damages pursuant to 42 U.S.C. § 1983.  *See Kelly,* 87 F.3d at 1328-1329.

state court of voluntary manslaughter, and was sentenced to serve fifteen years in state prison. *Id.* at 478. He appealed his conviction, and while the appeal was pending, he filed a civil lawsuit in federal district court pursuant to 42 U.S.C. § 1983. *Id.* at 479. He named as defendants the prosecutors and police investigator involved in his criminal case, asserting that those defendants, "acting under color of state law, had engaged in an 'unlawful, unreasonable, and arbitrary investigation' leading to [his] arrest; 'knowingly destroyed' evidence 'which was exculpatory in nature and could have proved [his] innocence'; and caused 'an illegal and unlawful voice identification procedure' to be used at [his] trial." *Id.* Heck sought compensatory and punitive damages for these alleged violations. *Id.*

The United States Supreme Court concluded that Heck's Section 1983 damages claims were not cognizable, because the appeal of his criminal case still was pending in state court. *Id.* at 483.[36] It likened Heck's claims to a common-law action for malicious prosecution, which "permits damages for confinement imposed pursuant to legal process." *Id.* at 484. In a malicious prosecution action, "[o]ne element that must

---

[36] The Court emphasized that it was not imposing an exhaustion requirement on Section 1983 claims, stating:

The issue with respect to monetary damages challenging conviction is not, it seems to us, exhaustion; but rather, the same as the issue was with respect to injunctive relief challenging conviction in *Preiser* [*v. Rodriguez,* 411 U.S. 475 (1973)]: whether the claim is cognizable under § 1983 at all. We conclude that it is not.

*Heck,* 512 U.S. at 483.

be alleged and proved . . . is termination of the prior criminal proceeding in favor of the accused." *Id.* (citations omitted).

> This requirement "avoids parallel litigation over the issues of probable cause and guilt . . . and it precludes the possibility of the claimant [*sic*] succeeding in the tort action after having been convicted in the underlying criminal prosecution, in contravention of a strong judicial policy against the creation of two conflicting resolutions arising out of the same or identical transaction." . . . Furthermore, "to permit a convicted criminal defendant to proceed with a malicious prosecution action would permit a collateral attack on the conviction through the vehicle of a civil suit." . . . This Court has long expressed similar concerns for finality and consistency and has generally declined to expand opportunities for collateral attack . . . . We think the hoary principle that civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments applies to § 1983 damages actions that necessarily require the plaintiff to prove the unlawfulness of his conviction or confinement, just as it has always applied to actions for malicious prosecution.

*Id.* at 484-85 (footnotes and internal citations omitted) (bracketed alteration in original).  Accordingly, the Court held that,

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.  A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.  **Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can**

> **demonstrate that the conviction or sentence has already been invalidated.**

*Id.* at 486-87 (italicized emphasis in original, boldface emphasis supplied) (footnotes omitted). Based on these principles, the Court affirmed the dismissal of Heck's Section 1983 claims. *Id.* at 491.

The present case falls squarely within the ruling of *Heck.* Here, Moore's criminal case still is pending in the Alabama Court of Criminal Appeals. Moore acknowledges that the decision of the Court of Criminal Appeals is not likely to be the final one in his criminal case, because of the subsequent possibilities of either a retrial or an appeal to the Alabama Supreme Court. Further, plaintiff's success on his civil claims for fabrication of incriminating evidence and suppression of exculpatory evidence during his criminal investigation would necessarily imply the invalidity of his murder conviction. Indeed, plaintiff's conviction was set aside by the state trial court *on precisely those grounds.* Thus, as plaintiff admits, his Section 1983 claims have not yet accrued.

Because plaintiff's constitutional claims are premature — that is, not yet cognizable under 42 U.S.C. § 1983 — they cannot be stayed, as plaintiff suggests. Instead, because plaintiff's Section 1983 claims would necessarily imply the invalidity of his conviction, and also because plaintiff cannot demonstrate that his conviction already has been invalidated, the claims must be dismissed, but without prejudice to

11

plaintiff's right to refile them once they have accrued.  *See Heck,* 512 U.S. at 486-87; *see also Edwards v. Balisok,* 520 U.S. 641, 649 (1997) ("[A]bsent some other bar to the suit, a claim either is cognizable under § 1983 and should immediately go forward, or is not cognizable and should be dismissed.").

All of plaintiff's remaining claims against defendants Michael Pettey and City of Decatur are Alabama state law claims.  This court's jurisdiction over those claims is governed by 28 U.S.C. § 1367(a), which provides that,

> in any civil action in which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

Even so, "district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3).  This court exercises its discretion and declines to exercise supplemental jurisdiction over plaintiff's remaining state law claims.[37]  Accordingly, the remaining state law claims should be remanded to the Circuit Court of Morgan County, Alabama, from which the case was removed.

---

[37]In addition, many of the same principles supporting the dismissal of plaintiff's Section 1983 claims also support dismissal of his state law claims.  Although the *Heck* decision did not specifically hold that *state law claims* which would necessarily imply the invalidity of a conviction must be dismissed, the *Heck* Court did recognize "the hoary principle that civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments." *Heck,* 512 U.S. at 486.

Finally, *all* of plaintiff's clams against defendants William Dill and Donald G. Valeska should be dismissed *with prejudice*.  As plaintiff concedes, Dill and Valeska are entitled to prosecutorial immunity from suit.  *See Imbler v. Pachtman,* 424 U.S. 409, 430-31 (1976) (prosecutor was absolutely immune from suit on claims that he allowed false incriminating testimony, suppressed potentially exculpatory testimony, and altered evidence to incriminate the plaintiff).

## III. CONCLUSION

Based on the foregoing, plaintiff's federal claims against defendants City of Decatur and Michael Pettey will be dismissed *without* prejudice.  Plaintiff's state law claims against defendants City of Decatur and Michael Petty will be remanded to the Circuit Court for Morgan County, Alabama, from which they were removed.  All of plaintiff's claims against defendants William Dill and Donald G. Valeska will be dismissed *with* prejudice.  All other pending motions will be denied as moot.

DONE this 24th day of January, 2006.

_____
United States District Judge

13